THE STANDARD MANUFACTURING CO., Respondent, v. J. F. ETTER, Appellant.

Kansas City Court of Appeals, May 16, 1904.

SALES: Recovery: Jury Question: Instructions. Certain instructions relating to whether plaintiff had complied with his contract in the sale of certain perfumes are examined and held properly to submit the issue to the jury.

Appeal from Vernon Circuit Court.—*Hon. M. T. January*, Special Judge.

AFFIRMED.

*J. B. Journey* for appellant.

(1) The defendant in his amended answer sets up as a defense to this action a rescission of the contract sued upon of his own accord by reason of the fact that the plaintiff failed and refused to perform material parts of its contract. Under this state of facts the defendant had a right to rescind, by notifying the plain-

tiff of his intention so to do, and by placing the plaintiff *in statu quo*. This principle of elementary law the instruction complained of absolutely ignored. (2) Instruction No. 1 asked by the defendant should have been given in its place. Instructions should be in harmony with the issues as made up by the pleadings and the evidence. The instruction complained of does not fulfill these requirements. (3) If the defendant sincerely believed that the invitation orders were not sent with the shipment of goods, then defendant had a right to request the plaintiff that they should be sent. And after having repeatedly called plaintiff's attention to the fact that orders could not be found in the shipment, and the plaintiff remained stubbornly silent all this time, then that silence should be construed against it. And the defendant had the right to rescind of his own accord. Bishops on Contracts, ch. 20, secs. 817, 818, 828, 832 and 833; 24 Amer. and Eng. Ency. of Law (Last Ed.), page 634, non-performance, and authorities cited.

*Chas. E. Gilbert* for respondent.

The instructions in this case, taken as a whole, correctly and fully declare the law. They must be considered in their combination and entirety, and not as though each separate instruction were intended to embody the whole law of the case. McKeon v. Railway, 43 Mo. 405; Smith v. Culligan, 74 Mo. 387; Garesche v. St. Vincent's College, 76 Mo. 332; Noble v. Blount, 77 Mo. 235; Easely v. Railroad, 133 Mo. 236; Burdoin v. Trenton, 116 Mo. 358; Meade v. Railway, 68 Mo. App. 92.

BROADDUS, J.—The plaintiff by written contract sold to defendant at the price of $173 certain flavoring extracts and other miscellaneous articles to be shipped to defendant at Sheldon, Mo. The contract

further provided that plaintiff at the same time should ship a show case and "invitation orders for free goods to be issued to one hundred persons," both free of charge. When the shipment arrived defendant failed to find the "invitation orders," whereupon he notified plaintiff by letter that said orders had failed to come. In its reply letter plaintiff company made no mention of the "orders," whereupon defendant again wrote concerning them. Failing to receive a reply, he wrote the third time to the effect that if the orders were not sent the goods would be repacked and shipped back to plaintiff, to which the latter replied that if he did it would bring suit on the contract; making no reference, however, to the orders. Afterwards, defendant did reship the goods to plaintiff and mailed to it the bill of lading. There was evidence tending to show that defendant did not make a thorough search for said orders. Plaintiff introduced positive evidence that said "invitation orders" had been shipped to defendant with the other goods and that they were found in a barrel reshipped to plaintiff by defendant and which the latter had not opened. The case was tried before a jury and verdict rendered for the plaintiff.

The following instruction was given at the request of plaintiff, viz:

"If the jury believe from the evidence that the coupons referred to in the contract between plaintiff and defendant were shipped to defendant along with the other goods, the verdict should be for the plaintiff for $173 with interest thereon from May 5, 1903, at the rate of 6 per cent per annum. Unless you so find your verdict should be for defendant."

And the following asked by defendant was refused:

"The court instructs the jury that, if you shall find and believe from the evidence that the plaintiff, the Standard Manufacturing Co., failed or refused to send or deliver to the defendant, J. F. Etter, the 100 invitation orders and coupons, as in their contract provided

for, then the defendant, Etter, was justifiable in returning to the plaintiff the goods and merchandise received from it, and that the plaintiff is not entitled to recover in this action, and you will return a verdict for the defendant.''

The giving of the first and refusal of the second are the alleged grounds of error.

We do not see how the defendant could have been prejudiced in either respect. The only issue before the jury was whether the plaintiff shipped with the other goods the ''invitation orders'' mentioned. The first instruction tells the jury if they find said orders had been so shipped their verdict should be for the plaintiff; if not, to find for defendant. And the second tells the jury that if they find said orders were not so shipped to defendant, then he was justified in returning the goods, and the finding would be for defendant. It was not material in the case to tell the jury that if such orders had not been shipped to defendant he was justified in sending them back to plaintiff. That was not denied. When the court told the jury that if the orders had not been shipped with the other goods to find for defendant, the instruction covered the whole of defendant's case. It is true, it would not have been error for the court to have given defendant's instruction, but it was not necessary to do so.

The cause is affirmed. All concur.